UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHLEY GARDNER,

        Plaintiff,

Case No. 1:23-cv-850

Hon. Hala Y. Jarbou

v.

TIMBER RIDGE WYOMING
APTS, LLC,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

This is a civil action brought by *pro se* plaintiff Ashley Gardner. For the reasons set forth below, this complaint should be dismissed.

**I.   Discussion**

**A.   Complaint**

Plaintiff has filed a one-sentence complaint, "Timber Ridge Wyoming Apt LLC used my security fraudulently." Ccompl. (ECF No. 1, PageID.4). Plaintiff seeks "75,000 for damages and emotional distress." *Id*. at PageID.5. Plaintiff purports to bring this complaint under diversity jurisdiction identifying herself as living in Grand Rapids, Michigan and defendant as located in Farmington Hills, Michigan. *Id*. at PageID.2-3. Plaintiff later identifies herself as a citizen of Michigan and defendant as a citizen of "Michigan/Delaware" with its principal place of business in Michigan. *Id*. at PageID.3-4.

**B.   Lack of jurisdiction**

The Court should dismiss this complaint for lack of subject matter jurisdiction. "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter

jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Plaintiff's one-sentence complaint is attenuated, unsubstantial, and devoid of merit. Plaintiffs' cursory complaint: did not allege the date of the incident; did not allege any facts related to the incident; and did not allege facts to establish the existence of diversity jurisdiction under 28 U.S.C. §1332.[1] Accordingly, this action should be dismissed for lack of jurisdiction. *See Apple*, 183 F.3d at 479; Fed. R. Civ. P. 12(b)(1).

### C.   Failure to state a claim

Furthermore, the complaint does not state a claim against defendant. The Court allowed plaintiff to file this action *in forma pauperis* pursuant to § 1915. For that reason, it must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted[.]" In determining whether a complaint should be dismissed for failure to state a claim under § 1915(e)(2), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

Under this standard, a complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility

---

[1] 28 U.S.C. § 1332(a) provides in relevant part that, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-- (1) citizens of different States[.]" Here, plaintiff alleged that both her and defendant are citizens of Michigan and that defendant's principal place of business in Michigan.

2

> when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted). In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).

Here, plaintiff's complaint does not set forth any facts to allege the violation of any federal law, federal constitutional right, or state law. Her one-sentence complaint is nothing more than "an unadorned, the - defendant - unlawfully - harmed - me accusation" which is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678. Accordingly, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II.     RECOMMENDATION

For these reasons, I respectfully recommend that plaintiffs' complaint be **DISMISSED**.

Dated: August 18, 2023                    /s/ Ray Kent
                                          RAY KENT
                                          United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).